UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS A. DELGADO,<br>    Plaintiff, | : | CASE NO. 3:18-cv-2135 (MPS) |
| v. | : | |
| DOUGHERTY, et al.,<br>    Defendants. | : | JANUARY 11, 2019 |

**INITIAL REVIEW ORDER**

Plaintiff Luis A. Delgado, currently incarcerated at the Garner Correctional Institution in Newtown, Connecticut, filed this case under 42 U.S.C. § 1983. He contends that the defendants used excessive force against him in violation of the Eighth Amendment. The plaintiff seeks damages and asks that the defendants be disciplined for their actions.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff is proceeding *in forma pauperis*.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and

to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

I.  Allegations

On May 25, 2017, the plaintiff was in the AP room waiting to be transferred from Corrigan Correctional Institution to Garner Correctional Institution ("Garner"), when he was falsely accused of a minor aggression. ECF No. 1, ¶¶ 1-2. Correctional Officer Ocasio punched the plaintiff in the face. *Id.*, ¶ 3. The plaintiff fell to the floor and covered himself for protection and as a sign of submission. *Id.* Correctional Officers Colby, St. John, and Thibodeau began kicking, punching, and spitting on the plaintiff. *Id.* Captain Dougherty and Lieutenant Holloran knew the incident was occurring but did not intercede. *Id.*

After the incident was over, a handheld video camera was produced to document the plaintiff's placement in a holding cell and photograph his injuries. *Id.*, ¶ 4. The plaintiff was then transferred to Garner. *Id.* Upon his arrival at Garner, the plaintiff was placed in segregation for fifteen days. *Id.*, ¶ 5. Mental health staff told the plaintiff that he suffered from PTSD and anxiety, and prescribed medication. *Id.*

Upon his release from segregation, the plaintiff filed a grievance. *Id.*, ¶ 6. The grievance was not returned to him. *Id.* The plaintiff states that his attempts to exhaust his administrative remedies were blocked because his requests were unacknowledged. *Id.*, ¶ 7. To this day, the

2

plaintiff suffers from anxiety, depression, back pain, and a general fear of correctional staff. *Id.*, ¶ 10.

II.    Analysis

The plaintiff alleges that defendants Ocasio, St. John, Colby, and Thibodeau used excessive force against him and defendants Dougherty and Holloran did not intercede to protect him from harm. The Department of Correction website shows that the plaintiff was sentenced on September 25, 2012. www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=239073 (last visited January 3, 2019). Thus, he was a sentenced inmate at all times relevant to this action and his claims are properly considered under the Eighth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (rights of pretrial detainees are considered under the Fourteenth Amendment while rights of sentenced prisoners are considered under the Eighth Amendment).

The use of excessive force against a prisoner can constitute cruel and unusual punishment in violation of the Eighth Amendment regardless of the severity of injury suffered by the prisoner. *See Hudson v. MacMillian*, 503 U.S. 1, 4 (1992); *accord Wilkins v. Gaddy*, 559 U.S. 34, 34, 36 (2010) (per curiam). The "core judicial inquiry" is "not whether a certain quantum of injury was sustained but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 502 U.S. at 7) (internal quotation marks omitted).

An excessive force claim has objective and subjective components. *See Hudson*, 503 U.S. at 8. Objectively, the court considers the amount of force used and whether that force is repugnant to the conscience of mankind. *Id.* at 9-10. Subjectively, the court must determine whether the correctional officer had a "wanton" state of mind when applying the force. *Id*. at 8.

In evaluating these components, the court considers the extent of any injuries suffered by the inmate, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the correctional officers involved in the use of force, and any efforts made to temper the amount of force used. *See Hudson*, 503 U.S. at 7.

The plaintiff alleges that Correctional Officer Ocasio punched him in the face after he was falsely accused of a minor aggression. He further alleges that Correctional Officers Colby, Thibodeau and St. John joined Correctional Officer Ocasio in punching and kicking him after he was on the floor in a submissive pose. The Court concludes that these allegations are sufficient to support an inference that the force used was excessive and done maliciously. The excessive force claim will proceed against defendants Ocasio, Thibodeau, Colby and St. John.

The plaintiff also alleges that defendants Dougherty and Holloran were aware of the assault but did not intercede. To state a claim for failure to protect or deliberate indifference to safety, the plaintiff must show that prison officials were aware of and disregarded an excessive risk to the plaintiff's safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 357 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference). When considering a failure to protect claim, the court "looks at the facts and circumstances of which the official was aware at the time he acted or failed to act." *Hartry v. County of Suffolk*, 755 F. Supp. 2d 422, 436 (E.D.N.Y. 2010) (internal quotation marks and citation omitted).

The plaintiff alleges that defendants Dougherty and Holloran were aware of the incident but did not order the correctional officers to stop. At this stage of litigation, the allegation is sufficient for the claim against defendants Dougherty and Holloran to proceed.

The plaintiff does not indicate whether he names the defendants in individual or official capacity. For relief, the plaintiff seeks damages and an order that the defendants be disciplined for their actions. The Eleventh Amendment bars claims for damages against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and the plaintiff has alleged no facts suggesting that Connecticut has waived this immunity. Accordingly, any claims for damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1914A(b)(2). The damages claims will proceed against the defendants in their individual capacities only.

The plaintiff also seeks an order that the defendants be disciplined. As a private citizen, the plaintiff has no constitutional right to seek the discipline of the defendants. *See S. v. D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another); *Joyce v. Hanney*, No. 3:05cv1477(WWE), 2009 WL 563633, at *9 (D. Conn. Mar. 4, 2009) (prisoner has no constitutional right to have defendants disciplined or prosecuted). The request that the defendants be disciplined is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

III. Conclusion

The excessive force claims will proceed against defendants Ocasio, Colby, Thibodeau, and St. John in their individual capacities. The failure to protect claims will proceed against defendants Dougherty and Holloran in their individual capacities. All claims against the defendants in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

5

The Court enters the following orders:

(1) **The Clerk shall** contact the Department of Correction Office of Legal Affairs to ascertain the service or current work address for each defendant, mail a waiver of service of process request packet containing the Complaint to each defendant at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of those waiver requests on the thirty-fifth day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2) **The Clerk shall** send the plaintiff a copy of this Order.

(3) **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4) The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(9) The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court. The plaintiff is advised that the Program may be used only to file documents with the court. Local court rules provide that discovery requests are not filed with the court. D. Conn. L. Civ. R. 5(f). Therefore, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** this 11th day of January 2019 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge